IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

RICKIE JOE MURPHY,[1]

    Petitioner,

vs.

WILLIAM MONDAY, Warden,[2]

    Respondent.

No. CIV-14-160-W

## ORDER

On February 25, 2014, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this mater and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Rickie Joe Murphy, proceeding pro se, be transferred to the United States District Court for the Northern District of Oklahoma. Murphy was advised of his right to object, see Doc. 5 at 2, but no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. Murphy is currently incarcerated in William S. Key Correctional Center, in Fort Supply, Oklahoma, which is located within the territorial jurisdiction of the Western District of Oklahoma.

---

[1] Petitioner's first name is spelled "Rickie" on the Judgment and Sentence filed in the District Court for Tulsa County, Oklahoma, see Doc. 1-1 at 1, 2, on the Summary Opinion issued by the Oklahoma Court of Criminal Appeals, see Doc.1-1 at 3, and on the envelope that contained Murphy's Petition for Writ of Habeas Corpus. See Doc. 1-2. But see Doc. 1 at 1.

[2] Murphy also named the State of Oklahoma and arguably the Attorney General of the State of Oklahoma as respondents in his Petition for Writ of Habeas Corpus. See Doc. 1. Because the state officer having custody of the petitioner is the proper respondent, see Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, the State of Oklahoma and the Attorney General of the State of Oklahoma are DISMISSED as respondents.

In his Petition filed pursuant to title 28, section 2254 of the United States Code, Murphy has challenged judgments of conviction entered in, and a sentence imposed by, the District Court of Tulsa County, Oklahoma, a state court that is located within the territorial jurisdiction of the Northern District of Oklahoma.

Title 28, section 2241(d) of the United States Code requires petitions brought under section 2254 "be filed in the district court for the district wherein . . . [the petitioner] is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d) (emphasis added). Accordingly, the United States District Courts for the Western District of Oklahoma and the Northern District of Oklahoma have concurrent jurisdiction to entertain Murphy's Petition. E.g., id.

Because relevant factors and the interest of justice weigh in favor of a transfer, the Court in its discretion

(1) ADOPTS the Report and Recommendation [Doc. 5] issued on February 24, 2014;

(2) DIRECTS the Clerk of the Court to transfer Murphy's Petition and all other documents filed in this matter to the United States District Court for the Northern District of Oklahoma;

(3) ADVISES Murphy that his Application for Leave to Proceed in Forma Pauperis [Doc. 2] is more appropriately, and will be, addressed by the transferee court; and

(4) because this matter is hereby TRANSFERRED, ADVISES Murphy that all future pleadings and papers filed in this matter should be filed in the Northern District of Oklahoma and should reflect the case number to be assigned by the Clerk of the Court in

2

that district.

ENTERED this 27th day of March, 2014.

                                                LEE R. WEST
                                                UNITED STATES DISTRICT JUDGE